Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELIZABETH RICHARDS, Widow, in Behalf of Herself and Minor Children, Respondent, for Compensation under the Workmen's Compensation Law for the Death of THOMAS W. RICHARDS, *v.* THE NEW YORK AIR BRAKE COMPANY, Employer and Self-Insurer, Appellant.

Third Department, December 29, 1919.

Workmen's Compensation Law — injury while intoxicated — necessity that accident result solely from intoxication — presumption that it did not so result — evidence insufficient to overcome presumption — award sustained.

In order to defeat an award under the Workmen's Compensation Law on the ground that the claimant at the time of the injury was in an intoxicated condition, the defendant has the burden of proving that the injury resulted solely from the intoxication of the injured employee while on duty, and the presumption under section 21, subdivision 4, is that it did not result solely from intoxication, in the absence of substantial evidence to the contrary.

Evidence examined, and *held,* that the statutory presumption was not overcome and that the award should be sustained.

APPEAL by the defendant, The New York Air Brake Company, from an award and order of the State Industrial Commission, entered in the office of said Commission on or about the 23d day of May, 1919.

*Frederick M. Boyer,* for the appellant.

*Charles D. Newton,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

PER CURIAM:

The employer and self-insurer appeals from an award of the State Industrial Commission, and urges that the evidence before the Commission shows that the claimant's intestate was drunk at the time of the accident and is not entitled to the benefits of the provisions of the act. The difficulty with the case is that while there is some hearsay testimony which indicates that the decedent was a drinking man, and that he was actually under the influence of liquor at the time he received his fall, the presumption is " that the injury did not result solely from the intoxication of the injured employee while on duty " (Workmen's Compensation Law, § 21, subd. 4), in the absence of substantial evidence to the contrary. There is very little if any substantial evidence to the contrary, while there is positive and direct evidence that the decedent was not intoxicated to such an extent at least as to make the intoxication the sole cause of the injury.

The decedent, apparently while on his way to that part of the employer's plant where his services were to begin presently, was passing down an alley between rows of machinery, when he was warned of an approaching electric truck from the rear. In stepping aside he appears to have reeled and walked backward upon his heels, falling in such a manner as to produce a fracture of the skull, resulting in death some hours later. While it is highly probable that had he been perfectly sober the accident would not have occurred, the statute provides that in order to forfeit the benefits of the act the injury must result " solely from the intoxication of the injured employee while on duty." (Workmen's Compensation Law, § 10.) No such condition is shown by the evidence; certainly the presumption is not overcome, and the award must be sustained. The injury occurred upon the premises of the employer, apparently while the decedent was about to take up the duties of his employment, and the presumptions of section 21, as well as the adjudications (*Murphy* v. *Ludlum Steel Co.*, 182 App. Div. 139) support the conclusions of the Commission.

The award should be affirmed.

Award unanimously affirmed.